IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY CHURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-536-GMB |
| ) | [WO] |
| ALABAMA LAW ENFORCEMENT ) | |
| AGENCY ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Alabama Law Enforcement Agency ("ALEA"). Doc. 18. Plaintiff Mary Church filed suit against ALEA on May 25, 2018. Doc. 1. On July 12, 2018, Church filed an amended complaint asserting claims for gender discrimination, race discrimination, and retaliation under Title VII. Doc. 16. ALEA moved to dismiss the claims, arguing that Church lacks standing, that her claims are time barred and fall outside the scope of her EEOC charge, and that her retaliation and failure to promote allegations fail to state a plausible claim for relief. Doc. 18. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that the Motion to Dismiss (Doc. 18) is due to be DENIED.

### **I. JURISDICTION AND VENUE**

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or that venue is proper

in the Middle District of Alabama. The court finds adequate allegations to support both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the facts as alleged in the Amended Complaint. In October 2017, ALEA hired Church, a white woman, as a State Patrol Officer. Doc. 16 at 3. Beginning in 2008, Church applied for several promotions for which she was qualified. Doc. 16 at 3. She did not receive any of the promotions and the positions often were filled by less qualified black men. Doc. 16 at 3. One of the positions, for Instructor at Selma Academy, was filled by Lucy Edwards, a less qualified black woman. Doc. 16 at 4. This prompted Church to file a Charge of Discrimination with the EEOC in August 2016 complaining about ALEA's pattern of discriminatory promotions. Doc. 16 at 4. After receiving notice of her Charge of Discrimination, ALEA Chief Charles Ward met with Church and told her that he wanted to help her to get a promotion. Doc. 16 at 4.

On May 22, 2017, ALEA posted an opening for the position of Corporal, and Church told Ward that she was interested in the job. Doc. 16 at 5. Church was qualified for the position, and she applied for and interviewed for it, but ALEA selected David Jones, a black man with lesser qualifications, to fill the position. Doc. 16 at 5. Church requested a meeting with Corporal Scott Duncan and Captain Devinner to discuss why she did not receive the position. Doc. 16 at 5–6. Devinner refused to answer her questions.

On July 11, 2017, Church applied for a Motor Carrier Weight Corporal position. Doc. 16 at 6. She interviewed for the job with a four-person panel. Doc. 16 at 6. The panel asked whether she considered herself to be "high maintenance" and also asked when she would be eligible for retirement. Doc. 16 at 7. Three other applicants, all of whom were

men, told Church they were not asked these questions. Doc. 16 at 7. Church then filed an internal complaint with ALEA explaining that she believed the interview questions were inappropriate, retaliatory, and discriminatory. Doc. 16 at 8. ALEA attorney Casey Bates and Personnel Director Stan Goolsby met with Church to discuss the interview. Doc. 16 at 8. Goolsby told Church that the Motor Carrier Weight Corporal position had not been filled because he wanted to investigate her internal complaint. Doc. 16 at 8. Goolsby could not provide Church with more information because he first wanted to find out the status of her EEOC complaint. Doc. 16 at 9. Goolsby and Bates asked whether she had retained an attorney. Church told them she had not retained an attorney and that she simply wanted to make ALEA aware of its existing problems. Doc. 16 at 9.

On August 15, 2017, Church received a letter in the mail from Susanna Capps, the new Chief of ALEA, informing her that she had not been selected for the Motor Carrier Weight Corporal position. Doc. 16 at 9. Around August 24, 2017, Capps called Church's sergeant and complained that Church was not downloading her body camera footage often enough and that her enforcement statistics were low in comparison to her peers. Doc. 16 at 9. Church's supervisor, Scott Duncan, looked into the complaint and found the accusations to be unfounded. Doc. 16 at 9–10. Church's camera uploads were on track despite the fact that Church performed collateral job duties that frequently pulled her away from road enforcement and that other ALEA troopers did not have to perform. Doc. 16 at 10. And Church's enforcement statistics were equal to or above those of her peers. Doc. 16 at 10.

Church has no major disciplinary reports in her employee file, and has had no discipline problems whatsoever in the past six or seven years. Doc. 16 at 3. She has met

or exceeded the performance expectations for her job during each performance review period. Doc. 16 at 3. Nevertheless, ALEA selected less qualified male employees to fill each position for which Church applied. Doc. 16 at 15.

A close reading of the pleadings reveals that only the Corporal and Motor Carrier Weight Corporal positions serve as the basis for Church's gender discrimination, race discrimination, and retaliation claims. *See* Doc. 20 at 5–7. Though Church references other promotions in her complaint, her response to the motion to dismiss confirms that she seeks relief only in regards to the Corporal and Motor Weight Corporal positions, and that the references to other promotions serve merely to demonstrate ALEA's history of discrimination. Doc. 20 at 5–7.

### III. STANDARD OF REVIEW

A motion filed under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject matter jurisdiction and takes one of two forms: a facial attack or a factual attack. A facial attack challenges subject matter jurisdiction without disputing the facts alleged in the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). When evaluating a facial attack, the court considers the allegations in the plaintiff's complaint as true. *Id.* "Such protections do not attach when the district court's jurisdiction is based upon the court's resolution of disputed facts." *Eaton v. Dorchester Dev. Inc.*, 692 F.2d 727, 731–32 (11th Cir. 1982). A factual attack challenges the factual allegations underlying the assertion of subject matter jurisdiction. *Lawrence*, 919 F.2d at 1529. When evaluating a factual attack, there is no presumption in favor of the plaintiff and the court may weigh the evidence and consider "matters outside the pleadings, such as testimony

4

and affidavits." *Id.* "Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1257 (M.D. Fla. 2011) (citing *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)).

Because the parties here do not contest the factual allegations underlying jurisdiction, ALEA asserts a facial attack. Standing is jurisdictional, so "a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.*

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-

harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

**A.     Standing**

Under Article III of the Constitution, the jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement." *Id.* To establish standing, a plaintiff must show (1) that she suffered an injury in fact, (2) that there is a causal connection between the injury and the challenged action of the defendant, and (3) that the injury will likely be redressed by a favorable decision. *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* at 561 (citing *Lujan v. Nat. Wildlife Fed.*, 497 U.S. 871, 889 (1990)). Simply proving standing does not mean that the plaintiff "must, or should, prevail on the cause of action." *Jenkins v. BellSouth Corp.*, 2006 WL 8436903, at *2 (N.D. Ala. Sept. 19, 2006) (quoting *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 n.20 (11th Cir. 2001)). "Standing" is a threshold determination that is "conceptually distinct from whether the plaintiff is entitled to prevail on the merits" of his individual claim. *Id.*

ALEA argues that Church does not have standing to bring her claims because she has not suffered an injury in fact, because there is no causal connection between any alleged injury and the complained of conduct, and because there is no likelihood that the vague relief requested will redress any alleged injury. Doc. 18 at 6. ALEA further asserts that

Church did not provide any facts supporting her alleged injury. Doc. 18 at 6. Though ALEA correctly identifies the standing requirements, it does not clearly articulate why the alleged facts fail to satisfy those requirements. The court finds that Church has standing.

### 1.   *Injury in Fact*

A plaintiff suffers an injury in fact when she is considered for a promotion but not selected. *See Harper v. ULTA Salon Cosmetics & Fragrance, Inc.*, 2007 WL 528088, at *15 (N.D. Ga. Feb. 13, 2007). Church sufficiently alleged that she was considered for both the Corporal position and the Motor Carrier Weight Corporal position in as much as ALEA offered her interviews for both positions. Doc. 16 at 12. She alleges that she was denied both promotions. Doc. 16 at 12 & 14. Church has alleged that she suffered an injury in fact.

### 2.   *Causal Connection*

A plaintiff establishes causation where the denial of a promotion is tied to the defendant's discriminatory decision not to promote her. *See Harper*, 2007 WL 528088, at *15. Church alleged that she was denied the Corporal and Motor Carrier Weight Corporal promotions because ALEA either discriminated against her because of her race and gender or decided to deny her the promotion in retaliation for filing the 2016 EEOC charge. Doc. 16 at 15 & 18–19. These allegations are sufficient at this stage of the proceedings.

### 3.   *Redressability*

"Third, [such an] injury can be redressed because Title VII . . . award[s] damages for discriminatory practices." *Id.* Church asked the court to award an injunction, compensatory damages, and equitable relief. Doc. 16 at 22–23. Favorably answering

Church's prayer for relief will redress her alleged injury. The final standing requirement is satisfied.

**B.     Time-Barred Claims**

ALEA also moves for the dismissal of any claims relating to promotions occurring more than 180 days before Church's EEOC charge. Doc. 18 at 9. Title VII provides that a charge of discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). "EEOC regulations interpret the relevant Title VII provisions to mean that a charge is 'filed' when the Commission receives it." *Pouyeh v. Univ. of Ala. Dep't of Opthalmology*, 66 F. Supp. 3d 1375, 1380 (N.D. Ala. 2014); *see also* 29 C.F.R. § 1601.13(a).

Although Church does not allege precisely when she was denied the Corporal position, she stated that the position was posted on May 22, 2017. Doc. 1-1 at 5. Presumably, she was passed over for this promotion on some date after May 22, 2017. The 180th day after May 22, 2017 is November 18, 2017. Church applied for the Motor Carrier Weight Corporal position on July 19, 2017. Doc. 1-1 at 6. The 180th day after July 19, 2017 is January 15, 2018. The Commission received Church's EEOC charge on October 6, 2017, well before both November 18, 2017 and January 15, 2018. Because the Commission received Church's EEOC charge within 180 days of the alleged unlawful employment practice, her claims are not time barred.

**C.     Claims Outside the Scope of the EEOC Charge**

ALEA also moves for the dismissal of any claims relating to allegations of

discrimination beyond the scope of Church's EEOC charge. Allegations of new acts of discrimination that fall outside a plaintiff's EEOC complaint are not reviewable by a court. *Gregory v. Ga. Dept. of Hum. Res.*, 355 F.3d 1277, 1279–80 (2004). A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (internal citation omitted). However, "the scope of an EEOC complaint should not be strictly interpreted." *Id.* (internal citation omitted).

Church asserts Title VII violations only in relation to the Corporal position and the Motor Carrier Weight Corporal position. Docs. 16 & 20 at 5–7. Both of these positions are specifically referenced in Church's second EEOC charge, in which she also alleges discrimination based on race and gender and retaliation. Doc. 1-1 at 5. The court concludes that all of Church's claims in this lawsuit reasonably fall within the scope of her EEOC complaint.

**D.     Failure to Promote Because of Race and Gender Discrimination**

ALEA claims that Church's complaint should be dismissed because she "fails to include sufficient critical facts for the basis of her claims." Doc. 18 at 10. When asserting a failure to promote claim, a plaintiff must allege that (1) she belongs to a protected class, (2) she applied for and was qualified for promotion, (3) she was rejected despite her qualifications, and (4) equally or less-qualified employees outside of her class were promoted. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2005). As discussed below, Church has alleged all of the above.

### 1. Protected Class

Church asserts that she suffered discrimination because of her gender (female) and race (white), making her a member of two protected classes. Doc. 16.

### 2. Sought Promotions for Which She Was Qualified

ALEA claims that Church failed to include any supporting facts to establish her qualifications. Doc. 18 at 11. But ALEA places too high of a burden on Church at the pleading stage. *See Barclay v. First Nat. Bank of Talladega*, 2014 WL 5473829, at *3–4 (2014) (finding that a plaintiff who did not specifically state that she was qualified for promotion, but alleged that she worked for the defendant for 39 years and had held various positions at the company, provided enough facts to state a plausible Title VII failure to promote claim). Church must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. She does. Church alleged that she applied for and was qualified for both the Corporal position and the Motor Carrier Weight Corporal position. Doc. 16 at 5 & 12. She then explained that she has worked for ALEA since 2007; that she has no major discipline in her employee file, and has had no discipline whatsoever for the past six or seven years; and that she has met or exceeded the performance expectations for her job during each performance review period. Doc. 16 at 3. This is enough at the pleading stage, and ALEA's decision to offer her an interview for both the Corporal and Motor Carrier Weight Corporal position reinforces her qualifications. Doc. 16 at 5–6. While not explicitly naming each and every way in which she was qualified for the promotion, Church had pleaded sufficient facts to survive a motion to dismiss.

### 3. Rejected for Promotions

ALEA argues that Church "failed to plead any facts to show she was subjected to any adverse employment action of any kind." Doc. 18 at 14. ALEA further contends that "the speculative impact alleged by Plaintiff that she <u>may</u> have been promoted at some point . . . is not enough to form the basis of a plausible claims for discrimination." Doc. 18 at 16. But a failure to promote is an adverse employment action. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1241 (11th Cir. 2001) (citing *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999) ("For purposes of Title VII, a failure to promote is an adverse employment action."). And the fact that Church was interviewed for the promotions demonstrates that she suffered more than a speculative injury. *See Harper*, 2007 WL 528088, at *15.

Church alleges that she applied for and was rejected for the Corporal promotion and the Motor Carrier Weight Corporal promotion despite her qualifications. Doc. 16 at 5 & 14. In her amended complaint, Church identified the applicant who received the Corporal position instead of her, and pleaded that she received a rejection letter regarding the Motor Carrier Weight Corporal position from the Chief of ALEA on August 15, 2017. Doc. 16 at 5 & 9. Church has sufficiently pleaded that she suffered adverse employment actions.

### 4. Lesser Qualified Individuals

ALEA avers that Church failed to "include any supporting facts" for her "conclusory assertions" that less qualified individuals were promoted, and that she failed to "address to any extent how her qualifications equaled or exceed their qualifications."

11

Doc. 18 at 12. ALEA further claims that "Plaintiff's discrimination claims under Title VII are subject to the three-step burden-shifting analytical framework outlined in *McDonnell Douglas Corp v. Green*," and attacks Church's failure to provide similarly situated comparators. Doc. 18 at 12–14. The court rejects both contentions.

The *McDonnell Douglas* "burden-shifting framework is an evidentiary standard, not a pleading requirement." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). A plaintiff's complaint "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case." *Id.* Moreover, a plaintiff is not required to provide comparator evidence at the pleading stage. *See Walker v. Love's Travel Ctr.*, 2017 WL 4931693, at *2 (S.D. Ala. Oct. 31, 2017) (finding that in order to plead a plausible claim a plaintiff need not identify a similarly situated comparator); *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328–27 (2011) (finding that a plaintiff is not required to provide comparator evidence to survive a motion for summary judgment). Even so, Church has pleaded that David Jones, a less qualified black male, was promoted instead of her for one position, Doc. 16 at 12 & 17, and that "Defendant selected less qualified male employees to fill the positions that Plaintiff applied for." Doc. 16 at 15. At the pleading stage, this is sufficient.

**E.     Retaliation**

A retaliation claim requires a plaintiff to demonstrate that (1) she participated in an activity protected by Title VII, (2) she suffered an adverse employment action, and (3) but-for her participation in the protected activity, she would not have suffered the adverse employment action. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

ALEA again argues that Church "fails to allege sufficient facts regarding any actual alleged adverse employment action or a causal connection between her protected activity and any adverse action." Doc. 18 at 18. ALEA further argues that Church's complaint broadly alleges discipline and termination even though these actions are not presented in her EEOC charge. Doc. 18 at 18. Lastly, ALEA asserts that it cannot be liable for retaliation because Church has not pleaded that the desire to retaliate was the but-for cause of an adverse employment action. Doc. 18 at 20.

### 1. *Adverse Employment Action*

ALEA argues that Church's dislike for how her internal complaint was handled, the interview questions posed to her, and the requirement that she download body camera footage does not constitute adverse employment. Doc. 18 at 18. While this may be true, ALEA overlooks that Church also pleaded that it failed to promote her because of her complaints of discrimination. Doc. 16 at 22. As discussed above, the failure to promote is an adverse employment action. *See Davis*, 245 F.3d at 1241 (2001).

It is unclear whether Church's amended complaint references the discipline by Susanna Capps in order to provide factual background and support for her failure to promote claims, or to allege discipline as a separate adverse employment action. Doc. 16. If she is alleging that discipline constitutes an adverse employment action in and of itself, she should seek leave to file an amended complaint plainly alleging this theory.

### 2. *Charges Outside of the EEOC Complaint*

ALEA asserts that Church's allegations of discipline and termination fall outside of the scope of her EEOC charge. Doc. 18 at 18. As previously discussed, a "plaintiff's

13

judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280. But a "judicial complaint is not limited to the allegation of the EEOC charge, and can include 'any allegation investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation'" *Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343, 1356 (N.D. Ga. 2014). However, allegations of new acts of discrimination that truly fall outside a plaintiff's EEOC complaint are not reviewable by a court. *Gregory*, 355 F.3d at 1279–80.

In her retaliation claim, Church makes references to discipline by Susanna Capps, who allegedly complained that Church was not downloading her body camera footage often enough and that her enforcement statistics were low. Doc. 16 at 22. When Church's supervisor looked into these complaints, he found them to be unfounded. Doc. 16 at 21. Church included this instance of discipline in her EEOC charge:

> Upon information and belief, on or about August 24, 2017, Susanna Capps, called my sergeant expressing concerns that I was not downloading my body camera very often and that my enforcement statistics were low as compared to my peers.

Doc. 1-1. Thus, the allegations of discipline do not fall outside the scope of Church's EEOC charge.

Termination is mentioned only once in Church's amended complaint, in her prayer for relief. Doc. 16 at 22. However, it does not appear to the court that Church is bringing charges based on a termination. If she does intend to bring a Title VII claim based on her termination, she should seek leave to file an amended complaint setting forth those

14

allegations in detail.

### 3. *Causation*

ALEA contends that Church's claim for retaliation should be dismissed because she alleges retaliation and discrimination based on the same recitation of facts, and thus cannot satisfy the but-for principles of causation. Doc. 18 at 19–20. ALEA is correct in its assertion that Title VII retaliation claims require proof of but-for causation, *Nassar*, 570 U.S. at 352, but a plaintiff is permitted to plead alternate theories of causation under Rule 8(d). *See Savage v. Secure First Credit Union*, 2016 WL 2997171 (11th Cir. 2016) (reversing decision requiring plaintiff to plead only a retaliation claim or only an ADEA or ADA claim based on a but-for theory of causation); *Goodridge v. Siemens Energy, Inc.*, 276 F.R.D. 540 (N.D. Ala. 2011) (finding that plaintiff is permitted to plead alternative facts and alternative theories so long as the alleged facts support a reasonable inference of but-for causation when bringing Title VII and ADEA claims). Under her claim for retaliation, Church pleads that ALEA failed to promote her because of her complaints about discrimination. Doc. 16 at 22. This is sufficient to support a reasonable inference of but-for causation.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion to Dismiss (Doc. 18) is DENIED.

It is further ORDERED that, if Church intends to bring a Title VII cause of action based on termination or to allege that any disciplinary action constitutes a separate adverse employment action, she must file a motion for leave to amend her complaint, attaching a

15

copy of the proposed amended complaint, not later than **November 28, 2018.**

DONE this 14th day of November, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE